1  MCNUTT LAW GROUP LLP
   SCOTT H. MCNUTT (CSBN 104696)
2  SHANE J. MOSES (CSBN 250533)
   MARIANNE M. DICKSON (CSBN 249737)
3  188 The Embarcadero, Suite 800
   San Francisco, California 94105
4  Telephone: (415) 995-8475
   Facsimile: (415) 995-8487
5
   MICHAEL ST. JAMES (CSBN) 95653
6  ST. JAMES LAW, P.C.
   155 Montgomery Street, Ste. 1004
7  San Francisco CA 94104
   Telephone:  (415) 391-7566
8  Facsimile: (415) 391-7568

9  Proposed Attorneys for Debtor

10

11                    UNITED STATES BANKRUPTCY COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                             OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Round Table Pizza Inc.,<br><br>Debtor. | Case Nos.  11-41431 RLE<br>11-41432 RLE<br>11-41433 RLE<br>11-41434 RLE<br><br>Chapter 11 |
| In re<br><br>Round Table Development Co.,<br><br>Debtor. | **DECLARATION OT MICHAEL ST. JAMES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** |
| In re<br><br>Round Table Pizza Franchise Corp.,<br><br>Debtor. | Judge:  Hon. Roger Efremsky<br>Date:   February 11, 2011<br>Time:   10:30 a.m.<br>Place:  United States Bankruptcy Court<br>        1300 Clay Street<br>        Oakland, California |
| In re<br><br>Round Table Pizza Nevada, LLC,<br><br>Debtor. | |

I, Michael St. James, declare under penalty of perjury:

1. I am an attorney at law, licensed by and in good standing with the Bar of this State, and admitted to practice before this Court. I am the sole officer and employee of St. James Law, P.C., co-counsel of record herein for Round Table Pizza, Inc., Round Table Franchise Corporation, Round Table Development Company, and Round Table Pizza of Nevada, LLC, the joint debtors and debtors in possession (collectively, the "Debtor"). I make this Declaration of my own personal knowledge, and if called as a witness I could and would competently testify as follows:

2. This Introductory Statement and Certification is submitted in compliance with the Court's "Guidelines for Cash Collateral & Financing Motions & Stipulations" (the "Guidelines"). This Statement is submitted out of an abundance of caution, since the Guidelines, by their terms, only "apply to uncontested motions or stipulations for the use of cash collateral." I have no reason to believe that this Motion is uncontested, and the use of cash collateral contemplated by this Motion is not stipulated to as of the execution of this Declaration.

3. <u>Introductory Statement</u>, as required by Section B of the Guidelines, is as follows:

   a. The name of each entity with an interest in the cash collateral is General Electric Credit Corporation and The Prudential Insurance Company of America.

   b. The cash collateral is to be used to sustain the ordinary operations of the Debtor's business and to maintain its going concern value.

   c. The Debtor proposes to use cash collateral in the ordinary course of its business indefinitely, subject to further Order of the Court.

   d. GECC / Prudential may receive a replacement lien against post-petition assets, exclusive of rights arising under Chapter 5 of the Bankruptcy Code, to secure any post-petition diminution in the value of GECC / Prudential's collateral base.

   e. GECC / Prudential's interest is adequately protected because (i) going concern value will be maintained, (ii) collateral value will be enhanced by the closing of unprofitable stores, (iii) GECC / Prudential enjoys an equity cushion of more than $10 million, and (iv) a replacement lien protects GECC / Prudential in the unlikely event of a diminution in collateral value.

4. <u>Required Disclosures:</u>  The only required disclosures identified in Section C of the Guidelines, are as follows: (1) GECC / Prudential may receive a replacement lien against post-petition assets, exclusive of rights arising under Chapter 5 of the Bankruptcy Code, to secure any post-petition diminution in the value of GECC / Prudential's collateral base. (2) The Debtor will afford GECC / Prudential adequate protection by preserving its going concern value and enhancing that value by closing unprofitable stores.

5. Section E 13 of the Guidelines identifies the provision of "an inadequate carve-out for a subsequently appointed trustee in the case, whether before or after conversion" as a provision the Court will not ordinarily approve.  The proposed use of cash collateral includes no carve-outs whatsoever.

6. <u>Certification:</u>   The undersigned certifying professional has read the accompanying Cash Collateral Motion and the foregoing Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the Motion are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the Court may grant appropriate relief under Fed. R. Bankr. P. 9024 if the Court determines that a material element of the Motion was not adequately disclosed in the Introductory Statement.

I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed in San Francisco, California on February 9, 2011.

    /s/ *Michael St James*
Michael St James