**Entered on Docket
February 15, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**The following constitutes
the order of the court. Signed February 14, 2011**

_____
　　　　Roger L. Efremsky
　　　　U.S. Bankruptcy Judge

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
MARIANNE M. DICKSON (CSBN 249737)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

MICHAEL ST. JAMES (CSBN 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Ste. 1004
San Francisco CA 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Round Table Pizza, Inc.,<br><br>　　　　Debtor. | Case No. 11-41431 RLE<br><br>(Jointly Administered with Case Nos. 11-41432 RLE, 11-41433 RLE, and 11-41434 RLE)<br><br>Chapter 11<br><br>**ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**<br><br>Judge:　Hon. Roger Efremsky<br>Date:　　February 11, 2011<br>Time:　　10:30 a.m.<br>Place:　　United States Bankruptcy Court<br>　　　　　1300 Clay Street<br>　　　　　Oakland, California |

206088.1

The MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL (the "<u>Cash Collateral Motion</u>") of Round Table Pizza, Inc., Round Table Franchise Corporation, Round Table Development Company, and Round Table Pizza of Nevada, LLC, the joint debtors and debtors in possession in the above captioned Chapter 11 reorganization cases (collectively "<u>Round Table</u>" or the "<u>Debtor</u>") came before this Court on February 11, 2011. Appearances were as noted in the record. The Court, having reviewed the Cash Collateral Motion, finding that notice of the Cash Collateral Motion is adequate under the particular circumstances, and good cause appearing therefor,

IT IS HEREBY ORDERED that

1. The Cash Collateral Motion, as modified and supplemented on the record, is granted on an interim basis;

2. A final hearing on the Cash Collateral Motion is set for February 24, 2011 at 1:30 p.m. before the Honorable Roger Efremsky, United States Bankruptcy Judge;

3. Pending the conclusion of the final hearing, Round Table may use cash collateral in the ordinary course of its business, in accordance with the Budget attached as an exhibit to the Motion. On or before 12:00 p.m. on Thursday, February 17, 2011, and on each Wednesday during the remaining term of this Order, Round Table shall deliver to General Electric Credit Corporation (the "Agent") and Prudential Insurance Company of America (together with the Agent, the "Lenders") a reconciliation showing actual disbursements as well as actual cash receipts during the previous week compared with the amounts for such week set forth on the Budget. Round Table shall obtain the prior written consent of the Lenders or a further order of this Court prior to spending more than the aggregate amount for any week as set forth in the Budget.

4. Round Table shall permit representatives, agents, employees, counsel and other advisors of the Lenders to have reasonable access to Round Table's premises, records, personnel and advisors during normal business hours (without unreasonable interference with the proper operation of Round Table's businesses and upon reasonable prior notice) and shall cooperate with, and provide to such representatives, agents, employees , counsel and other advisors all such information as they may reasonably request.

5. The Agent, for and on behalf of itself, the Lenders and all other parties entitled to the benefit of liens or security interests under the pre-petition documentation between Round Table and the Lenders, is hereby granted replacement liens against Round Table's post-petition assets (other than rights and causes of action arising under Chapter 5 of the Bankruptcy Code) with the same nature, extent, validity and enforceability as their pre-petition liens, but solely to secure any diminution in the value of its collateral, with all interested parties reserving all rights with respect to the scope of the pre-petition collateral; Notwithstanding the foregoing, any such replacement liens shall be subordinated to the compensation and expense reimbursement (excluding professional fees) allowed to any trustee thereafter appointed in the case.

6. Round Table is hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order; and

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**APPROVED AS TO FORM AND CONTENT:**

Dated: February 14, 2011      BINGHAM MCCUTCHEN LLP


By:  */s/ William Bates*
      William Bates
Attorneys for Prudential Insurance Company of America

**APPROVED AS TO FORM AND CONTENT:**

Dated: February 14, 2011      LATHAM & WATKINS LLP


By:  */s/ Gregory O. Lunt*
      Gregory O. Lunt
Attorneys for General Electric Credit Corporation

3  ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

206088.1
Case: 11-41431    Doc# 35    Filed: 02/14/11    Entered: 02/15/11 12:14:16    Page 3 of 5

**APPROVED AS TO FORM AND CONTENT:**

Dated: February 14, 2011        ALLEN MATKINS LLP

By: _____*/s/ Ivan M. Gold*_____
Ivan M. Gold
Attorneys for Debtors' Landlords

**APPROVED AS TO FORM AND CONTENT:**

Dated: February 14, 2011        OFFICE OF THE UNITED STATES TRUSTEE

By: _____*/s/ Lynette C. Kelly*_____
Lynette C. Kelly

* * * END OF ORDER * * *

# COURT SERVICE LIST

Peter Knight
Greg Lunt
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606


Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, CA 94612-5217


Ivan Gold
Allen Matkins
Three Embarcadero Center
Suite 1200
San Francisco, CA 94111


William Bates
Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA 94303-2229