McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
MARIANNE M. DICKSON (CSBN 249737)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

MICHAEL ST. JAMES (CSBN 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Ste. 1004
San Francisco CA 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 11-41431 RLE |
| Round Table Pizza, Inc., | (Jointly Administered with Case Nos. 11-41432 RLE, 11-41433 RLE, and 11-41434 RLE) |
| Debtor. | |
| | Chapter 11 |
| | **AMENDED APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY CO-COUNSEL (St. James Law, P.C.)** |
| | Judge: Hon. Roger Efremsky<br>Date: April 1, 2011<br>Time: 10:00 a.m.<br>Place: 1300 Clay Street, 2nd Floor<br>Oakland, California |

209142.1

# I. **PREAMBLE**

This AMENDED APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY CO-COUNSEL (the "St. James Amended Employment Application") is submitted in order to answer questions posed by the Office of the United States Trustee ("OUST"), and to provide certain factual information also requested by the OUST.

## A. Association of St. James Law, P.C.

McNutt Law Group LLP ("<u>Applicant</u>" or "<u>MLG</u>") was engaged by Debtor to prepare Debtor's bankruptcy filing and execute the steps necessary for a reorganization or sale. As a part of this process, MLG recommended to Debtor that MLG associate St. James Law, P.C. ("<u>St. James Law</u>") as co-counsel. St. James Law is a professional corporation with one attorney, Michael St. James. In this arrangement, MLG acts as "<u>Lead Counsel</u>." MLG and St. James Law are collectively referred to as the "<u>Firms</u>."

Mr. St. James has more than 25 years' experience in insolvency issues, a great deal of which concerns Chapter 11 practice. As well, Mr. St. James has as a specialty the treatment of landlord claims in bankruptcy, having represented both landlords and tenants, having written extensively on this topic, and having argued more than one case to the 9th Circuit specifically concerning landlord issues.

MLG's objective in associating Mr. St. James was to provide the most effective staffing for the least cost. Although MLG could handle all tasks necessary for this bankruptcy representation, MLG's recommendation to Debtor was that association of co-counsel was a more efficient staffing model.

Association of co-counsel will not lead to duplication of efforts. First, overall decision-making and staffing decisions are made by MLG. Second, MLG and Mr. St. James have long experience working together in a co-counsel relationship. Third, even with association of Mr. St. James, the total number of attorneys working on the Debtor's bankruptcy representation does not exceed five, a small number given the size and complexity of these bankruptcy cases. (By separate employment applications, Debtor intends to engage "ordinary course" attorneys in

specialized non-bankruptcy areas, such as ERISA law.)

**B.     MLG / St. James Law Pre-Petition Engagement Letters**

The OUST has asked that the Firms attach their pre-petition engagement letters.  These consist of two letters, both of which are attached as Exhibit A to the Declaration of Scott H. McNutt or the Declaration of Michael St. James, as appropriate, in Support of Amended Application for Order Approving of Bankruptcy Co-Counsel (the "<u>McNutt Decl.</u>" or "<u>St. James Decl.</u>, as appropriate), filed concurrently herewith.

The Firms' practice in debtor representations is not to attach pre-petition engagement letters because the Firms believe they are not relevant or controlling on post-petition employment, which is controlled only by the applicable provisions of the Bankruptcy Code.  The OUST has expressed concern that there might be provisions in the pre-petition engagement arrangement that the Firms might assert as giving the Firms greater rights than those provided under the Bankruptcy Code.  In the event of an inconsistency between the Bankruptcy Code and the engagement letters, the Firms have acknowledged that the Bankruptcy Code controls.

**C.     Notice and Form of Order**

Notice of this Amended Application as well as full copies of this Amended Application and all supporting documents have been provided to the Office of the U.S. Trustee, proposed counsel to the Creditors Committee, and to parties that have filed objections to the original application.  A proposed form of order is attached hereto as **Exhibit A**.

## II.  INTRODUCTION

Round Table Pizza, Inc., The Round Table Franchise Corporation, Round Table Development Company, and Round Table Pizza Nevada LLC, the jointly administered debtors and debtors-in-possession in the above captioned Chapter 11 reorganization cases (collectively "<u>Round Table</u>" or the "<u>Debtor</u>"), hereby jointly move the Court for an order authorizing the employment of St. James Law, P.C. as one of its bankruptcy co-counsel (the "St. James Law Amended Employment Application").

This St. James Law Amended Employment Application is based on the Memorandum of

Case: 11-41431     Doc# 231     Filed: 03/25/11     Entered: 03/25/11 15:02:23     Page 3 of
10

Points and Authorities set forth herein, the DECLARATION OF MICHAEL ST. JAMES IN SUPPORT OF AMENDED APPLICATION FOR ORDER APPROVING EMPLOYMENT OF BANKRUPTCY CO-COUNSEL (the "St. James Declaration") filed concurrently herewith and incorporated herein by reference, the pleadings and papers on file herein, and upon such oral and documentary evidence as may hereafter be presented in connection with the St. James Law Amended Employment Application.

## III.  JURISDICTION

On February 9, 2011 (the "Petition Date"), Round Table filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California.

The Court has jurisdiction over this case and this St. James Law Amended Employment Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C.§ 157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

The statutory bases for the relief requested herein are Section 105, 327 through 331 and Section 503 of the Bankruptcy Code.

## IV.  FACTS

A.    Background

Round Table's first restaurant opened in Menlo Park, California in 1959.  Over the past 50 years, Round Table has grown to dominate the Northern California market for pizza to become a major West Coast chain with nearly 500 stores in seven States, and to engage in international franchise development.

During the same period, Round Table diversified from acting exclusively as a franchisor to also operating company owned stores, ultimately acquiring and developing 140 company-owned stores and increasing its employee base from 70 to a peak of more than 3,000 employees.

During the decade prior to the Great Recession, Round Table enjoyed tremendous growth. Between 1997 and 2006, revenues grew from $15 million to $120 million per year, and operating profits grew from $4.3 million to $10.5 million.  In February of 2007, Round Table obtained a

4

new credit facility.  Although Round Table restructured its business to adjust to the Great Recession, the terms of the credit facility could not be met by that restructured business.  Efforts to renegotiate the terms of the credit facility were unsuccessful.

A fuller presentation of Round Table's background, the circumstances which led to the instant Chapter 11 filing, and Round Table's expectations regarding its reorganization is set forth in the DECLARATION OF J. ROBERT MCCOURT IN SUPPORT OF FIRST DAY MOTIONS filed on February 9, 2011 [docket no. 13].

In connection with Round Table's Employee Stock Option Plan (the "ESOP"), an independent appraiser valued Round Table at $45 million approximately one year ago.  Round Table engaged in marketing efforts immediately prior to the Petition Date, which confirmed a value in that range.  General Electric Capital Corporation / Prudential Insurance of America ("GECC / Prudential") are owed $30 million in the aggregate, suggesting that Round Table should generate a significant recovery to creditors, and potentially a recovery to the ESOP which holds its equity as well.

**B.     Intended Reorganization**

There are two core aspects to Round Table's business: acting as a franchisor to independent third party owner-operators, and operating company-owned stores.

There are currently 355 franchised stores, with 148 franchisees.  The franchise base is highly diversified: 91% of the franchisees own five stores or less, and only two franchisees own 20 to 25 stores.  Management believes that the franchise segment of Round Table's business is sound, produces stable profits, and does not require material reorganization.

Round Table operates 128 company-owned stores.  Although most of them are profitable, a number of the stores have been unable to operate profitably in the current economic environment, generating significant losses.  Over the first four to six months of its Chapter 11 case, Round Table intends to close unprofitable stores and to renegotiate leases with respect to its marginal stores.  Within four to six months, Round Table expects that its remaining base of company-owned stores will be stable and profitable.

AMENDED APPLICATION TO APPROVE EMPLOYMENT OF BANKRUPTCY CO-COUNSEL (ST. JAMES LAW)

209142.1

1   Round Table expects to have maximized the value of the chain through store closings and

2   lease renegotiations by the conclusion of the initial phase of its reorganization, after which it

3   intends to complete its reorganization by embarking on one of two paths.

4       If it appears that an appropriate value can be realized for the benefit of all of its

5   constituencies through a sale, Round Table is amenable to engaging in that process.

6       On the other hand, if problems in the economy and the credit industry make it impossible

7   to realize an appropriate value for the company this year, Round Table will propose a Plan of

8   Reorganization which restructures its debt so that it can operate successfully for a period of

9   perhaps five years, by the conclusion of which it would expect to sell the business or refinance the

10  debt.

11  **C.     Proposed  Co-Counsel for the Debtor**

12      Decisional law makes a distinction between professionals whose services are directly

13  related to the bankruptcy process ("Bankruptcy Professionals") and professionals whose services

14  relate to the underlying business and would be retained by the company in its ordinary course of

15  business in the absence of a bankruptcy case ("Ordinary Course Professionals").  Bankruptcy

16  Professionals are those whose role is central to the prosecution of the bankruptcy case.

17      Through this Application, Round Table seeks to employ McNutt Law Group LLP and St.

18  James Law, P.C. as its general bankruptcy co-counsel, with MLG to act as Lead Counsel.  Round

19  Table requires the assistance of Chapter 11 counsel with respect to:

20      1.      The requirements of the Bankruptcy Code respecting its operation as a Debtor in

21              Possession;

22      2.      The requirements of the Office of the United States Trustee respecting operating

23              matters and the filing of reports;

24      3.      The administration of claims, including the evaluation of timely filed Proofs of

25              Claim;

26      4.      The treatment of executory contracts, including the leases of its 128 company-

27              owned stores and its franchise agreements governing more than 300 franchised

28

AMENDED APPLICATION TO APPROVE
EMPLOYMENT OF BANKRUPTCY
CO-COUNSEL (ST. JAMES LAW)

209142.1

Case: 11-41431    Doc# 231    Filed: 03/25/11    Entered: 03/25/11 15:02:23    Page 6 of
10

stores;

5. The treatment of GECC / Prudential, which holds liens encumbering substantially all of Round Table's pre-petition assets;

6. The possibility of a sale of substantially all of Round Table's assets;

7. The formulation and prosecution of a Plan of Reorganization; and

8. To provide it with general counsel and representation in the course of its Chapter 11 proceedings.

Applicant submits that it is ordinary and appropriate to staff a case of this magnitude with two senior attorneys, both due to the quantity of work that must be accomplished or supervised and potentially due to the need for different skill sets. Round Table notes that the Creditors Committee is represented by two senior attorneys (Karol Denniston and Julia Brand of Brownstein Hyatt) and GECC / Prudential is represented by two senior attorneys (Gregory Lund of Latham & Watkins and William Bates of Bingham McCutchen).

Here, the two senior attorneys selected by Round Table have substantial Chapter 11 experience but also complementary strengths.

Scott McNutt has represented estates (as debtor's or creditors' committee counsel) in a number of large Chapter 11 cases including Webvan and At Home. Mr. McNutt also has substantial experience and expertise in restaurant and franchisor insolvency. His peculiar strengths include the management of complex insolvency cases and multi-party negotiations. Mr. McNutt will provide leadership and direction to all of Round Table's Bankruptcy Professionals.

Michael St. James has extensive experience representing Chapter 11 debtors in the Northern District of California. His peculiar strengths include written advocacy, and he has briefed a number of appeals to the Ninth Circuit. Mr. St. James has been afforded the designation "Board Certified – Business Bankruptcy" from the American Board of Bankruptcy Certification continuously since 1993, and has been certified as a "Legal

7

Specialist – Bankruptcy" by the California State Bar continuously since 2006. See, Section 330(a)(3)(E).

Mr. St. James and the McNutt Law Group have successfully collaborated on a number of matters over the past decade, most recently as co-counsel in the successful Chapter 11 cases of Montgomery Realty Group, Inc. (09-31879) and Montgomery Realty Group, LLC (09-31880). As a result of their long and close relationship, Mr. St. James is able to work efficiently and effectively with the attorneys and staff of the McNutt Law Group.

The Firms charge for their services on an hourly rate basis. As a general rule, the Firm's billing practices are identical for bankruptcy and non-bankruptcy clients. The hourly rates on which the Firms' fees are based are reflective of the services they are expected to provide, but are generally identical for bankruptcy and non-bankruptcy clients. The costs charged to bankruptcy clients when paid from a bankruptcy estate are either identical to or less than the costs charged to non-bankruptcy clients.

The Firms are in compliance with the Guidelines promulgated by the U.S. Bankruptcy Court. Neither Firm charges for attorney travel time for any travel including attendance at hearings.

Except as described herein, the Firms have not shared nor agreed to share any compensation paid or payable by the Debtor with any other entity.

The Firms have no connections with the Debtor, creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as follows:

From time to time in the past, the McNutt Law Group LLP has represented Round Table in connection with franchisee insolvency matters. The last such engagement was concluded more than five years ago, and all fees associated with that engagement were paid more than five years ago.

The Firms do not have or represent any interest adverse to either Debtor or the estate and are "disinterested persons", qualified to represent the Debtor in this case.

AMENDED APPLICATION TO APPROVE
EMPLOYMENT OF BANKRUPTCY
CO-COUNSEL (ST. JAMES LAW)

209142.1

1 **D.     St. James Law, P.C.**

2      St. James Law has a single full-time professional employee, Michael St. James.  His

3 current hourly rate is $565 per hour.  St. James Law, P.C. does not charge for internal expenses,

4 other than postage and photocopying at $0.10 per page, both billed at the Firm's direct cost.  It

5 charges as expenses only direct, out-of-pocket amounts paid to third parties, without mark-up.

6      St. James Law, P.C. received a pre-petition retainer of $100,000.  As of the Petition Date,

7 the unearned balance of the retainer was $76,100.50.

8                      **V.  <u>SUMMARY OF RELIEF SOUGHT</u>**

9      Through this Motion, Round Table seeks authorization to employ the Firms as its general

10 bankruptcy counsel, subject to the requirements imposed by the Court, the Bankruptcy Code and

11 the Federal Rules of Bankruptcy Procedure applicable to Bankruptcy Professionals.

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

AMENDED APPLICATION TO APPROVE
EMPLOYMENT OF BANKRUPTCY
CO-COUNSEL (ST. JAMES LAW)

209142.1

# VI. AUTHORITY FOR RELIEF SOUGHT

Section 327(a) permits Round Table to employ, with the Court's approval, Bankruptcy Professionals to assist it in carrying out its duties, provided that they are disinterested and do not hold or represent an interest adverse to the estate. Rule 2014(a) provides that an application for employment must set forth the necessity for the employment, must disclose the proposed arrangements for compensation, and must disclose the Bankruptcy Professional's connections with the Debtor, creditors and parties in interest.

Round Table submits that the foregoing requirements have been met, and that it should be authorized to employ the Firms as its bankruptcy co-counsel.

DATED: March 25, 2011               ROUND TABLE PIZZA, INC.,
                                    Debtor and Debtor-in-Possession


                                    By:    _____/s/ *Ted Storey*_____
                                           Ted Storey
                                           General Counsel / Responsible Individual


DATED: March 25, 2011               McNUTT LAW GROUP, LLP


                                    By:    _____/s/ *Scott H. McNutt*_____
                                           Scott H. McNutt
                                           Proposed Attorneys for Debtor

10

AMENDED APPLICATION TO APPROVE
EMPLOYMENT OF BANKRUPTCY
CO-COUNSEL (ST. JAMES LAW)

209142.1