McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
DOUGLAS C. GRAHAM (CSBN 216870)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

MICHAEL ST. JAMES (CSBN 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Ste. 1004
San Francisco CA 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Round Table Pizza, Inc.,<br><br>Debtor. | Case No. 11-41431 RLE<br><br>(Jointly Administered with Case Nos. 11-41432 RLE, 11-41433 RLE, and 11-41434 RLE)<br><br>Chapter 11<br><br>**PRECAUTIONARY MOTION TO USE CASH COLLATERAL**<br><br>Judge: Hon. Roger Efremsky<br>Date: July 13, 2011<br>Time: 2:00 p.m.<br>Place: 1300 Clay Street<br>2nd Floor<br>Oakland, California 94612 |

Through this Motion, Round Table Pizza, Inc., The Round Table Franchise Corporation, Round Table Development Company, and Round Table Pizza Nevada LLC, the jointly administered debtors and debtors-in-possession in the above captioned Chapter 11 reorganization cases (collectively "Round Table" or the "Debtor"), seeks authorization to use cash collateral (a) to

fund such amounts as the Court may award and authorize to be paid in connection with the Fee Applications set for hearing on July 13, 2011; and (b) to fund professional fees consistent with the Court's *Knudsen* Order, Docket No. 573. This motion, seeking authorization to comply with Court Orders, is brought out of an abundance of caution and in response to comments made by GECC / Prudential to the effect that since professional fees are not incorporated in the cash collateral budget, none may be paid.

As presented in Round Table's prior pleadings respecting cash collateral, the law contemplates restricting the Debtor's free use of cash only to the extent necessary to provide "adequate protection" for GECC / Prudential's interests. As previously demonstrated, GECC / Prudential enjoys a very substantial equity cushion, eliminating any need for the provision of adequate protection. In addition, rather than having its interest imperiled by the bankruptcy process – thereby potentially giving rise to a right to adequate protection – GECC / Prudential's interest has been enhanced by the bankruptcy process through store closings and other initiatives. Following the commencement of this case, Round Table's EBITDA has increased by many millions of dollars and its cash on hand has increased to more than $6 million.

Round Table submits that no further "adequate protection" is required to protect GECC / Prudential's interests, and that Round Table should be authorized to use cash collateral to fund such professional fees as the Court authorizes.

DATED: July, 2011
Respectfully submitted,

ST. JAMES LAW, P.C.

By: */s/ Michael St. James*
Michael St. James
Attorneys for Debtor