THE MLNARIK LAW GROUP, INC.
JOHN L. MLNARIK (SBN 257882)
ANGIE YC TONG (SBN 262317)
ELENA RIVKIN FRANZ (SBN 247387)
JAMES J. STEINLE (SBN 237291)
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone: (408) 919-0088
Facsimile: (408) 919-0188

Attorneys for Creditor,
Round Table Owners Association

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>Round Table Pizza, Inc.,<br><br>Debtor. | Case No. 11-41431 RLE<br><br>(Jointly administered with Case Nos. 11-41432 RLE, 11-41433 RLE, and 11-41434 RLE)<br><br>Chapter 11<br><br>Judge: Hon. Roger L. Efremsky |

**MOTION FOR RECONSIDERATION OF ORDER DENYING RTOA ACCESS TO MEDIATION SCHEDULED FOR 7/19/2011 & APPLICATION FOR ORDER COMPELLING SERVICE OF DISCOVERY RESPONSES**

The Round Table Owners Association ("RTOA"), a creditor herein, through its counsel The Mlnarik Law Group, files this motion for reconsideration of the Court's order from 7/13/2011 prohibiting RTOA from participating in the mediation set to be conducted before Judge Lafferty on 7/19/2011.

RTOA further requests an order compelling Round Table Pizza, Inc. ("Debtor") to produce to RTOA all documents previously produced to other parties in the action, particularly the Official Committee of Unsecured Creditors Rule 2004 examination request.

**1. RTOA Has Not Been Properly Noticed Regarding the Mediation and Its Prohibition From Participation**

The facts giving rise to the current request are not all clear, or even known, to RTOA due to RTOA's preclusion from a scheduling call on 6/8/2011 and absence from the 7/13/2011 hearings

on the applications for interim compensation. This causes a particular difficulty for RTOA in bringing its current motion while at the same time forming the basis for it.

On the morning of July 14th counsel for RTOA received a letter from Debtor's counsel indicating that at the hearing on the interim applications for compensation (which RTOA did not object to) the Court entered a ruling against RTOA without RTOA's presence and without providing RTOA with <u>notice and an opportunity to be heard</u>. ROTA is under the belief that the Court's ruling would prohibit it from participating in a mediation currently scheduled to be heard on July 19th ("Mediation") in front of Judge Lafferty. Prior to receiving Debtor's letter notifying RTOA of the mediation RTOA had never been directly informed of the date of the mediation, or even its scope.

RTOA is a party in interest to the underlying action as both a scheduled creditor and as a party to be affected by Debtor's reorganization. RTOA's interests are unique from the remaining unsecured creditors and RTOA has sought its own voice in these proceedings. Up to this point RTOA has been an independent participant in all major issues related to Debtor's reorganization and has self funded its activities.

Pursuant to the Stipulated Protective Order entered on May 3, 2011. RTOA believes it had been receiving copies of all documents served on the other parties to the action. This informal discovery sharing ended abruptly on June 30, 2011 when Debtor informed RTOA that it would be unilaterally excluding RTOA from the discovery arrangement it had with the other creditors. It is noteworthy that the attempt to freeze out RTOA from the mediation and Debtor's unilateral decision to cease serving RTOA with documents produced to the other parties in interest occurred within a few days of one another.

**2. <u>The Court Should Reconsider its Ruling Based on lack of Notice to RTOA</u>**

If the Court did in fact issue an order prohibiting RTOA from participating in the Mediation then the Court should reconsider its ruling and allow RTOA's participation due to a lack of notice and opportunity to be heard.

"A district court has inherent power to reconsider and modify its interlocutory orders prior to entry of judgment…" (See *Smith v. Massachusetts* (2005) 543 US 462, 475 125 S.Ct. 1129, 1139.) Reconsideration is appropriate in cases where the court is presented with newly

MOTION FOR ORDER FOR RECONSIDERATION AND COMPELLING DISCOVERY
Case: 11-41431    Doc# 649    Filed: 07/14/11    Entered: 07/14/11 19:01:54    Page 2 of 6

discovered evidence or the court "committed clear error or the initial decision was manifestly unjust. *School Dist. No1J, Multnomah County, Or v. ACandS, Inc*. (9th Cir. 1993) 5 F3d 1255, 1263; *United States v. James* (SD CA 1995) 915 F. Supp. 1092, 1098.

Under USCS Fed Rules Civ Proc R 6(c) as incorporated through Federal Rule of Bankruptcy Procedure Rule 7002, the RTOA was entitled to notice and opportunity to be heard prior to the Court entering a ruling prohibiting RTOA's involvement in the Mediation. Oral motions at unrelated hearings are not proper when absent parties would be without notice to oppose. *In re Bistrian* (1995, ED PA) 184 BR 678. At no time prior to the July 13, 2011 hearing was RTOA provided any form of notice that the Court would be considering whether or not RTOA should be allowed to participate in the mediation process. A review of the Court's calendar for July 13, 2011 and the case docket indicates that the only issues to be heard on that day were applications for compensation and payment of vendors by Debtor's various attorneys and the Unsecured Creditors Committee

Since RTOA had no objections to any of the docketed relief on the calendar for the July 13, 2011 no one attended the hearing. The RTOA was thus denied the opportunity to respond to Debtor's request that RTOA be barred from the mediation process[1]. Had RTOA been on notice that the matter of its participation in the mediation was at issue then RTOA would have attended the July 13, 2011 hearing to oppose the request.

3.  RTOA Has An Interest In The mediation And Should be Allowed To Participate.

The current understanding of RTOA is that the Mediation deals directly with Debtor's proposed plan of reorganization. RTOA as a scheduled creditor has a direct interest in any potential plan of reorganization and thus should be allowed to participate fully in the mediation process.

Any successful plan of reorganization will by necessity include the continued operation of Debtor's franchisees, which RTOA represents. As such RTOA's involvement in the mediation will be essential to its ultimate success. Additionally, RTOA has claims of its own against

---

[1] RTOA is making the assumption that the request to bar it from the Mediation was made by Debtor. The unusual nature of the order being entered without RTOA's presence has forced RTOA to make assumptions about the facts based on statements made by the other parties to the action.

The Minarik Law Group, Inc.
2930 Bowers Avenue
Santa Clara, CA 95051
TELEPHONE (408) 919-0088
FACSIMILE (408) 919-0188

Debtor which deal directly with the continued operation of Debtor.

RTOA's representation in the reorganization proceedings is self funded and its participation will not cause the estate to suffer any additional expense. Absent some compelling reason why RTOA's participation in the Mediation would hinder the ultimate objective of the reorganization the Court should allow RTOA's full participation.

### 4. Debtor Should Be Compelled to Produce All Documents to RTOA

On May 03, 2011 Debtor, RTOA, General Electric Capital Corp, the Official Committee of Unsecured Creditors and certain other constituencies all entered into a Stipulated Protective Order ("Protective order") [Docket # 417]. The purpose of the protective order was to maintain the confidentiality of records necessary to the operation of Debtor.

Pursuant to Section 7.2(a) of the Protective Order (pg 8, ln 19) the receiving party may disclose any information provided to it by Debtor to "(t)he Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside counsel of Record to whom it is reasonably necessary to disclose the information for this case and who have signed the Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;"

As a signatory to the Protective Order, through counsel, the RTOA believed that it had been receiving copies of every single document production produced by Debtor which included responses to General Electric Capital Corp's 2004 examination.

The Official Committee of Unsecured Creditors served a Rule 2004 Exam request upon Debtor which was originally scheduled for July 6, 2011 and was later continued to July 12, 2011 [Docket # 602]. As part of that Rule 2004 Exam request Debtor was to produce 48 separate categories of requested documents on June 30, 2011. (See Exhibit B attached to the declaration of John L. Mlnarik in support of this motion)

On June 30, 2011 when Debtor served responses to the Rule 2004 Exam upon the parties Debtors' counsel unilaterally decided to withhold from RTOA certain documents from the production it provided to all of the remaining parties. Debtor's only notification to RTOA that it was not going to produce all of the documents came in the form of an email to RTOA and counsel for the other interested parties. (See Exhibit C, email from Michael St. James to John Mlnarik et al.)

Debtor has not served objections upon RTOA relating to the withheld documents. Debtor's general response to the Rule 2004 Exam was also absent any objections directed at RTOA. (See Exhibit D) Debtor has not even given RTOA the courtesy of informing it of which documents it choosing to produce to the other parties but not to RTOA. No privilege log has been provided and thus RTOA cannot specifically tailor this request to address the withheld documents. Debtor's sole basis for refusing to provide the documents to RTOA is that Debtor believed that the documents would be of "limited interest to the RTOA". (See Exhibit C). Debtor took this action unilaterally and did not file a request for a protective order prior to doing so.

After a review of the documents produced RTOA believes that Debtor refused to produce documents responsive to requests 1 through 18, documents the RTOA argues are necessary in negotiating the cases, particularly Debtor's proposed plan.

Debtor cannot pick and choose which parties it wants to provide documentation to and should be compelled to produce the same documents to RTOA that it has produced to all other participants negotiating the cases.

**5. Production of the Documents Will Result In Reduced Expenses to The Estate.**

Since RTOA is a signature to the Protective Order maintaining the confidentiality of Debtor's documents there is no basis for Debtor's refusal to produce the documents already produced to the other parties to the action. The documents requested in Rule 2004 Exam are necessary to RTOA's evaluation of the Debtor's plan for reorganization and necessary for any meaningful negotiations with Debtor for the resolution thereof.

When RTOA filed its original application for a separate official committee representing the franchises Debtor and other parties objected strenuously on the grounds that the expense of such committee was an excess burden that the estate could not afford. It is therefore inconsistent that Debtor is now refusing to continue to share documents with RTOA when such production would relieve the estate of the expense of responding to a separate Rule 2004 Exam propounded by RTOA.

WHEREFORE, it is hereby requested that the Court enter the following order:

A) Vacating the July 13, 2011 order prohibiting RTOA from participating in the July 19, 2011 mediation;

B) Order compelling Debtor to serve RTOA with all documents responsive to the Unsecured Creditor's Committee Rule 2004 Exam that Debtor served upon the Unsecured Creditors Committee;

C) Alternatively, an order requiring Debtor to produce to RTOA a privilege log identifying all documents it is withholding from the production it served upon RTOA along with the grounds for the stated privilege.

Date: July 14, 2011    THE MLNARIK LAW GROUP, INC.


*/s/ John L. Mlnarik*
JOHN L. MLNARIK
Round table Owners Association