McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
DOUGLAS C. GRAHAM (CSBN 216870)
SHANE J. MOSES (CSBN 250533)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

MICHAEL ST. JAMES (CSBN 95653)
ST. JAMES LAW, P.C.
155 Montgomery Street, Ste. 1004
San Francisco CA 94104
Telephone: (415) 391-7566
Facsimile: (415) 391-7568

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Round Table Pizza, Inc.,<br><br>Debtor. | Case No. 11-41431 RLE<br><br>(Jointly Administered with Case Nos. 11-41432 RLE, 11-41433 RLE, and 11-41434 RLE)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR ORDER FURTHER EXTENDING EXCLUSIVE PERIOD IN WHICH ONLY THE DEBTOR MAY FILE A PLAN** |

Round Table Pizza, Inc., The Round Table Franchise Corporation, Round Table Development Company, and Round Table Pizza Nevada LLC, the jointly administered debtors and debtors-in-possession in the above captioned Chapter 11 reorganization cases (collectively "Round Table" or the "Debtor"), hereby jointly submit this *ex parte* application (the "*Ex Parte* Application") for an order extending the exclusive period during which only the Debtor may file a plan to November 16, 2011, pursuant to 11 U.S.C. § 1121(d). The proposed form of order is

attached hereto as **Exhibit A** (the "Exclusivity Order").  In support of this Application, Round Table respectfully represents as follows:

### I.  JURISDICTION

This Court has jurisdiction over the *Ex Parte* Application pursuant to 28 U.S.C. §§ 157 and 1334(a).  Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.  The subject matter of the *Ex Parte* Application is a core proceeding pursuant to 28 U.S.C §§ 157(b)(2)(A)(L) and (O).  Authority for the relief requests exists pursuant to 11 U.S.C. §§ 105 and 1121.

### II.  FACTS

1.  On February 9, 2011 (the "Petition Date"), Round Table filed its voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Round Table is authorized to operate its businesses and manage its properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Round Table's chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2.  A full presentation of Round Table's background, the circumstances which led to the instant Chapter 11 filing, and Round Table's expectations regarding its reorganization is set forth in the DECLARATION OF J. ROBERT MCCOURT IN SUPPORT OF FIRST DAY MOTIONS filed on February 9, 2011 [Docket No. 13].

3.  On February 22, 2011, the Acting United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee").  On June 30, 2011, First Bankers Trust Services, Inc. was appointed as the representative of Round Table's ESOP, the holder of all equity of the Debtor (the "ESOP Trustee").  General Electric Capital Corporation / Prudential Insurance of America ("Lender") is Round Table's only significant secured lender.

4.  On June 9, 2011, Round Table filed its plan and disclosure statement, and noticed a hearing on its disclosure statement for July 28, 2011.  Three parties in interest, including the RTOA, filed objections to the disclosure statement.   Acting on its own motion, the Court took the disclosure statement hearing off calendar.

2
*EX PARTE* APPLICATION FOR
FURTHER EXTENSION OF EXCLUSIVITY
Case: 11-41431    Doc# 1061    Filed: 10/28/11    Entered: 10/28/11 16:48:34    Page 2 of 7
220627.v

5. On October 27, 2011, this Court entered an order approving the DEBTORS' DISCLOSURE STATEMENT TO ACCOMPANY FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED OCTOBER 26, 2011 (the "Disclosure Statement") for distribution with the FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED OCTOBER 26, 2011 (the "Joint Plan"). A confirmation hearing on the Joint Plan is set for December 8, 2011 (the "Confirmation Hearing").

6. On July 22, 2011, Round Table filed a motion seeking an extension of exclusivity, which would otherwise have expired on August 8, 2011, pursuant to § 1121(c). On August 15, 2011, this Court entered an order extending the Round Table's exclusivity through September 1, 2011. Following a status conference held on September 1, the Court entered an order extending exclusivity through September 30, 2011, to allow the parties further time to negotiate regarding consensual terms for a plan of reorganization. On September 29, pursuant to a stipulation between Round Table, the ESOP Trustee, the Committee, and the Lender, the Court entered a third order extending exclusivity through October 31, 2011, in light of the hearing scheduled for October 18 on the Debtor's disclosure statement.

7. The Joint Plan and Disclosure Statement were the result of extensive negotiation between Round Table, the Lenders, the Committee, and the ESOP Trustee. Round Table believed that because the Joint Plan and Disclosure Statement had the support of these parties, exclusivity could be further extended through the Confirmation Hearing by a second stipulation. Round Table's counsel has now learned that the Committee has not yet authorized stipulating to a further extension of exclusivity. Although Round Table expects that approval from the Committee will be forthcoming, the impending expiration of exclusivity makes this *Ex Parte* Application necessary. The requested two-week extension will give Round Table time to file a further stipulation if Committee approval is obtained, or if necessary to file a motion for a further extension.

### III. SUMMARY OF RELIEF SOUGHT

8. Through this *Ex Parte* Application, Round Table seeks an extension, pursuant to § 1121(d), of the time period within which it has the exclusive right to file and seek authorization of a plan of reorganization. Round Table seeks a brief extension of the exclusivity period by to

3
*EX PARTE* APPLICATION FOR
FURTHER EXTENSION OF EXCLUSIVITY
220627.

Case: 11-41431    Doc# 1061    Filed: 10/28/11    Entered: 10/28/11 16:48:34    Page 3 of 7

November 16, 2011.  Round Table further seeks a continuance of the hearing on the Exclusivity Motion to November 16, 2011, at 2:00 p.m.

### IV. AUTHORITY FOR RELIEF

9. There is no question that this Court has discretion to extend the time in which Round Table has the exclusive right to seek acceptance of a plan. The Bankruptcy Code provides a debtor-in-possession under Chapter 11 with the initial exclusive right to propose a plan of reorganization. *See* 11 U.S.C. § 1121.  Section 1121 further provides that "for cause" the Bankruptcy Court may extend the initial exclusive period, up to a 20-month maximum.

10. Although § 1121 provides that the exclusivity period may be extended "for cause," the Bankruptcy Code does not define "cause" or provide any specific standard.  The legislative history of § 1121(d), however, reflects a Congressional intent to allow a debtor to remain in control of the bankruptcy process, while recognizing the legitimate interest of creditors in the debtor's case.  *See* H.R. REP. NO. 95-595, 95th Cong. 1st Sess. 406 (1977); S. REP. NO. 95-989, 95th Cong. 2d Sess. 118 (1978).  Thus, an extension should be based on some showing of probable success in confirming a plan.  S. REP. NO. 95-989, 95th Cong. 2d Sess. 118 (1978).

11. The courts have further interpreted the "cause" standard of § 1121(d) as a broad standard that allows the court "maximum flexibility to suit various types of reorganization proceedings."  In re Public Service Co. of New Hampshire, 88 B.R. 521, 534 (Bankr. D.N.H. 1988); *see* Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987) ("[t]he hallmark of [§ 1121(d)] is flexibility").  The courts have highlighted numerous factors that can be considered in evaluating whether to extend the exclusivity period.  These include: (a) the size and complexity of the case; (b) the amount of time that has elapsed in the case; (c) the existence of good faith progress; (d) whether the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects of filing a viable plan; (f) the necessity of sufficient time for the debtor to negotiate a plan; (g) whether the debtor has made progress in negotiation with its creditors; (h) whether the debtor is seeking an extension in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists.  In re Express One International, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also* In re

Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). The Ninth Circuit Bankruptcy Appellate Panel has held that the one "transcendent" consideration is whether an extension of the exclusivity period will facilitate moving the case forward, and toward a fair and equitable resolution. In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 453 (9th Cir. B.A.P. 2002).

12. The factors identified above clearly show that cause exists for an extension of the exclusivity period:

(a) *Size and Complexity of the Case.* While this is not a massive bankruptcy, it is large, with significant complexities. Courts have recognized that a colossal bankruptcy estate is not a prerequisite to justify an extension of the exclusivity period based on size and complexity. *See* In re United Press Int'l., 60 B.R. 265, 270 (Bankr. D.D.C. 1986) (granting an extension of the exclusivity period for a $40 million company); Gaines v. Perkins (In re Perkins), 71 B.R. 294, 296 (W.D. Tenn. 1987) (finding that a case was sufficiently large to justify an extension where there were approximately 100 creditors holding 225 claims against the estate). The size and complexity of the instant case supports the limited extension of exclusivity requested here. The Debtor's claims register lists approximately 1,200 creditors. The value of the company is discussed in detail in the Disclosure Statement, but is clearly sufficiently large to support the necessity of the relief.

(b) *Amount of Time Elapsed in the Case.* Fewer than nine months have elapsed since Round Table filed its voluntary petitions, during which Round Table has obtained approval of its Disclosure Statement and set a Confirmation Hearing. Including the extension requested for slightly more than two weeks, the elapsed time is less than half of the maximum limit on exclusivity provided by the Bankruptcy Code. *See* 11 U.S.C. § 1121(d)(2)(B) (twenty month maximum).

(c) *Existence of Good Faith Progress.* Round Table has made extensive progress in the case to date. Round Table has concluded its business reorganization with favorable results, as detailed in the Disclosure Statement. Further, Round Table has obtained approval of its

Disclosure Statement, is in the process of sending out the Joint Plan for balloting, and has a confirmation hearing set for December 8, 2011.

(d) *The Debtor Is Paying Its Post-Petition Bills as They Become Due*. Round Table is consistently paying its post-petition bills as they come due. The Debtor also remains current with its fees to the United States Trustee. There is no question that this factor is satisfied.

(e) *The Debtor Has Demonstrated Reasonable Prospects of Filing a Viable Plan*. Round Table has already filed the Joint Plan, which is jointly proposed by Round Table and the Lender. As set forth in the Plan and Disclosure Statement, the Debtor has sufficient assets and cash flow to pay all creditors in full over time and preserve some value for Round Table's ESOP.

(f) *The Necessity of Sufficient Time for the Debtor to Negotiate a Plan*. While Round Table has already obtained approval of its Disclosure Statement, additional time is necessary to allow time for the Confirmation Hearing and to negotiate solutions to any objections that are filed. Round Table believes that competing plans are unlikely in any case, but that the filing of a competing plan during the process of balloting for the Joint Plan would be extremely disruptive and contrary to the interests of all parties.

(g) *The Debtor Has Made Progress in Negotiations with Its Creditors*. The Debtor has been actively involved in negotiations with GECC/Prudential and the Committee since the inception of its cases, and the ESOP Trustee since its appointment. The Joint Plan is the product of extensive negotiation among these parties.

(h) *The Debtor Is Not Seeking an Extension In Order To Pressure Creditors*. The requested extension of exclusivity is not for the purpose of improperly pressuring creditors. As discussed above, Round Table has filed its Joint Plan within the time required, but the further exclusivity period is set to expire before Round Table can obtain confirmation of the Joint Plan. There cannot be any reasonable contention that the extension is for the purpose of pressuring creditors.

(i) *There Are No Unresolved Contingencies*. Round Table is not aware of any such external contingencies, and does not believe that this factor is applicable.

13.     The factors discussed above are all related to the "transcendent consideration" of whether extending Round Table's exclusivity will facilitate moving the case forward toward a fair and equitable resolution.  *See* In re Henry Mayo, 282 B.R. at 453.  This is not a case where the debtor has dragged its feet or failed to make meaningful progress.  Rather, Round Table has made significant strides in reorganizing its business, which have culminated in the Joint Plan and Disclosure Statement.  The purpose of the relief requested is simply to allow Round Table a brief extension of time to seek consent of the parties to an extension of exclusivity through the Confirmation Hearing, or if necessary to move the Court for such relief.

14.     A key part of moving the case forward is allowing the Debtor adequate time to solicit votes and negotiate with creditors regarding its Joint Plan.  As the Second Circuit has stated: "In enacting the 1978 Code Congress… clearly indicated as one of its purposes that equity interests have a greater voice in reorganization plans – hence, the safeguards of disclosure, voting, acceptance and confirmation in present Chapter 11."  *See* In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir.1983).  Round Table does not believe that it is productive or appropriate for other parties to file competing plans before it has had a reasonable opportunity to negotiate consensual terms with its creditors, solicit votes for the Joint Plan and present the Joint Plan for confirmation.  Round Table should have a reasonable time to solicit votes and negotiate with creditors without having the waters muddied by competing plans.

## V.  CONCLUSION

WHEREFORE, Round Table respectfully requests entry of an order extending through November 16, 2011, the time during which the Round Table has the exclusive right to file a plan, pursuant to 11 U.S.C. § 1121, and setting a further hearing on exclusivity for November 16, 2011, at 2:00 p.m.

DATED: October 28, 2011                    McNUTT LAW GROUP LLP

By:     /s/ *Shane J. Moses*
        Shane J. Moses
        Attorneys for Debtor